## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is made between Richard L. Cox, Chapter 7 Trustee for the bankruptcy estate of JERRY P. WHITLEY (hereafter the "Trustee"); and JERRY P. WHITLEY (the "Debtor") and SHARON R. WHITLEY (individually, "SHARON", but collectively with the Debtor, the "Settling Defendants"), BENNY LAWRENCE WELCH and LINDA JOHNSON WELCH Co-Trustees of the Welch Family Trust DTD September 18, 1986, JERRY K. WHITLEY and ELISE WHITLEY, TAMMY WHITLEY and JIMMY WHITLEY (collectively, the "Consenting Parties", but collectively with the Settling Defendants and the Trustee, the "Parties").

## RECITALS

A. On October 13, 2013 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 7 of the United States Bankruptcy Code in Case No.4:13-bk-15983T.

B. The Debtor's bankruptcy case is pending in the United States Bankruptcy Court for the Eastern District of Arkansas, Little Rock Division and Richard L. Cox is the Trustee in said case.

C. On September 22, 2015 the Trustee filed DE #1, Adversary Proceeding No. 4:15-ap-01088 (the "Adversary Proceeding").

D. On September 25, 2015, the Trustee filed DE #13 Plaintiff's First Amended Complaint.

E. On October 30, 2015, the Trustee filed DE #51 Plaintiff's Second Amended Complaint setting forth eleven counts against the Settling Defendants and/or the Consenting Parties.

F. The following Answers or Responses have been filed:

| Docket Entry No. | Party | Attorney for Party |
|---|---|---|
| DE #33 | Benny Lawrence Welch and Linda Johnson Welch Co-Trustees of the Welch Family Trust DTD September 18, 1996 | Branch Fields Lax, Vaughan, Fortson, Rowe & Threet, PA |
| DE #34 | Tammy Whitley and Jimmy Whitley | Clinton W. Lancaster The Lancaster Law Firm, PLLC |
| DE #35 | Jerry Whitley and Elise Whitley | Clinton W. Lancaster The Lancaster Law Firm, PLLC |
| DE #44 | Michael Fleharty and Donna Fleharty, Intervenors | Guy "Randy" Satterfield |
| DE #54 | Michael Fleharty and Donna Fleharty, Intervenors and Cross-Defendants | Guy "Randy Satterfield |

Attachment A

| Docket Entry No. | Party | Attorney for Party |
|---|---|---|
| DE #55 | Richard L. Cox, Trustee | Thomas S. Streetman Streetman, Meeks & Gibson, PLLC |
| DE #57 | Jerry K. Whitley and Elise Whitley | Clinton W. Lancaster The Lancaster Law Firm, PLLC |
| DE #58 | Jerry Whitley and Tammy Whitley | Clinton W. Lancaster The Lancaster Law Firm, PLLC |
| DE #60 | Sharon R. Whitley | James F. Dowden (order granting withdrawal DE #110 entered 7/5/16) |
| DE #63 | Benny Lawrence Welch and Linda Johnson Welch Co-Trustees of the Welch Family Trust DTD September 18, 1996 | Branch Fields Lax, Vaughan, Fortson, Rowe & Threet, PA |
| DE #82 | Jerry P. Whitley | Frederick S. Wetzel, III |

      H.    The Parties desire to resolve the Adversary Proceeding on the terms stated in this Agreement.

    NOW THEREFORE, for good and valuable consideration, the sufficiency of which is hereby acknowledged by the Parties, and in further consideration of the covenants and promises, agreements and premises set forth below, the Parties agree as follows:

    1.    ***Binding Effect of Recitals.***    The above Recitals are incorporated into this Agreement by reference.

    2.    ***Settlement of the Adversary Proceeding.***    The Adversary Proceeding shall be settled on the following terms:

    (a.) Upon the entry of an order approving this Agreement becoming final and non-appealable, a closing shall be held by a title company to be chosen by the Trustee. The Settling Defendants shall be responsible for the maintenance and preservation of the Quieto residence (as defined below), including insurance coverage on the Quieto residence, until such closing is held, and title to the Quieto residence is transferred to the Trustee in accordance with paragraph 2(c) below.

    (b.) At closing the Debtor shall pay to the Trustee One Hundred Twenty Thousand and No/100 Dollars ($120,000.00) (the "Cash Payment at Closing") and Debtor shall pay the sum of Thirty Thousand and No/100 Dollars ($30,000.00) to the Welch Trust (as defined below) to be applied to the outstanding indebtedness secured by a first mortgage on 8 Quieto Trace in Hot Springs Village, Arkansas (the "Quieto residence").

    (c.) At closing, Sharon Whitley shall convey by General Warranty Deed the Quieto residence to Richard L. Cox, Trustee for the Estate of Jerry P. Whitley, Debtor Case No. 4:13-bk-15983T, and the Debtor shall execute a Quitclaim Deed to the Trustee which shall include a waiver of his curtesy and homestead rights in the Quieto residence.

(d.) The Trustee shall then market the Quieto residence for sale. The Welch Trust shall hold its foreclosure action against the Quieto residence in abeyance through July 1, 2017, provided that the Trustee complies with the requirements set forth in paragraph 2(e), below, after which time the Welch Trust may continue its foreclosure action against the Quieto residence, which shall require amending the Complaint to name the Trustee as a Defendant. Notwithstanding the foregoing, if on or before July 1, 2017, the Trustee has secured an order authorizing the sale of the Quieto residence, then the Welch Trust shall hold its foreclosure action in abeyance until August 1, 2017, provided that the Trustee complies with the requirements set forth in paragraph 2(e), after which time the Welch Trust may continue its foreclosure action against the Quieto residence. Should the Trustee fail to comply with any of the requirements set forth in paragraph 2(e), below, or should the Debtor fail to keep the Quieto residence fully insured against loss as described in paragraph 2(f), below, then the Welch Trust may continue its foreclosure action against the Quieto residence at any time.

(e.) Upon the conveyance of the Quieto residence to the Trustee as described in Paragraph 2(c), the Trustee shall: actively market the Quieto residence for sale through a licensed realtor or broker, or for public sale through a licensed auctioneer; keep the Quieto residence fully insured against loss under a policy as described in paragraph 2(f), below, naming the Welch Trust as the first mortgagee and loss payee, and provide proof of insurance to the Welch Trust; keep the Quieto residence clean and in a good state of repair; pay all utilities and secure the Quieto residence, including taking adequate steps to winterize the Quieto residence; neither commit, nor permit, waste against the Quieto residence; maintain payment all taxes of whatever nature when due; pay all property owners associations fees and assessments when due; not allow the Quieto residence to be occupied by anyone overnight, as a residence, or in any other manner without prior approval of the Welch Trust, except that the Trustee may allow access to the Quieto residence for purposes of care of, maintenance of and marketing the property in the ordinary course of business; and allow the Welch Trust or its agents to inspect the Quieto residence upon reasonable notice and request to the Trustee.

(f.) Notwithstanding anything herein to the contrary, the Debtor shall be responsible for payment of insurance on the Quieto residence until the earlier of such time as the Trustee either closes the sale of the Quieto residence as contemplated by this paragraph 2(e), or August 1, 2017. At all times the Debtor shall keep the Quieto residence fully insured against loss, including loss from vandalism and malicious damage, regardless of vacancy of the Quieto residence, in an amount in excess of the payoff of the debt secured by the Welch Trust mortgage, under a policy naming the Welch Trust as the first mortgagee and/or loss payee, until the earlier of such time as the Trustee either closes the sale of the Quieto residence as contemplated by this paragraph 2(e), or August 1, 2017. Sharon, the Debtor, or the Trustee, as applicable, shall make the policy available to the Parties upon request, and shall authorize the agent to disclose any requested information to the Parties. The insurance policy required hereunder shall identify the correct insured party, as the circumstances may require in order for the insurance policy to remain valid and enforceable.

(g.) From the sale of the Quieto residence (the "Trustee's Sale"), the lien of Benny Lawrence Welch and Linda Johnson Welch Co-Trustees of the Welch Family Trust DTD September 18, 1996 (the "Welch Trust") shall be paid in full at closing, including all principal, interest, late fees, attorneys' fees and costs, and the net proceeds of the sale shall be paid to the Trustee.

(h.) Debtor consents to the entry of an Order Revoking Discharge by the Court revoking Debtor's discharge as provided by 11 U.S.C. §727(d)(2) pursuant to Count IV of the Plaintiff's Second Amended Complaint, which shall be immediately entered after the closing of the Quieto residence as set forth in paragraph 2(c), above. Said Order shall not contain any findings of fact against the Debtor, and shall be substantially in the form of the Order set forth in Addendum "A" attached hereto or as required by the Court.

(i.) The Trustee shall file a motion for approval of this Agreement.

3. *Release by the Settling Defendants.* The Settling Defendants hereby release, remise and forever discharge the Trustee and the estate, from and against any claim or cause of action which the Settling Defendants had or have against the Trustee or the estate through the date of this Agreement.

4. *Costs.* Except as provided in paragraph 2(g), the Parties agree that each Party must pay its own attorneys' fees and court costs in this matter, and the Parties hereby release each other from any claim with respect thereto.

5. *Binding Effect of Terms.* The terms of this Agreement are binding upon the Parties, their successors and assigns, and will inure to the benefit of the Parties, their successors and their assigns.

6. *Merger and Integration.* This Agreement constitutes the entire agreement between the Parties with respect to those matters addressed herein. There are no other agreements, promises, representations, or understandings as to the matters addressed herein, except as expressly set forth herein. The Parties agree that there were no inducements or representations leading to the execution of this Agreement, except as herein contained and that this Agreement may not be altered, changed or modified except by written agreement between the Parties.

7. *Authority to Execute Agreement.* The Parties warrant that they are fully empowered and authorized to execute this Agreement and that the person signing on behalf of each Party is fully authorized to do so. The Parties warrant and represent that there are no additional entities or persons affiliated with any of the Parties hereto who are necessary to effectuate this Agreement.

8. *Miscellaneous.* This Agreement may be executed in two or more identical counterparts, all of which constitute one and the same Agreement. Facsimile signatures will have the same force and effect as originals. No inference in favor of or against any Party will be drawn from the fact that such Party has drafted any portion of this Agreement. This Agreement will be interpreted, enforced and governed by the United States Bankruptcy Court for the Eastern District of Arkansas under the law of the State of Arkansas.

9. *Dismissal of Adversary Proceeding.* Upon the Order Approving the Settlement Agreement becoming final and non-appealable, compliance by the Settling Defendants with the requirements set forth in paragraph 2(c) of this Agreement, compliance by the Debtor with the requirements set forth in paragraphs 2(b) and (f) of this Agreement, and the entry by the Court of a judgment revoking the Debtor's discharge as set forth in paragraph 2(h) of this Agreement,

4

then the Trustee shall file a motion to dismiss the balance of the Plaintiff's Second Amended Complaint with prejudice. Likewise, upon the occurrence of the foregoing events, the Welch Trust shall dismiss its Cross-Claim against the Debtor.

10. **Court Approval.** The Trustee shall file a motion for approval of this Agreement by the Court and the Settling Defendants agree to cooperate in seeking the approval of the Agreement by the Court including not objecting to a motion by the Trustee to shorten notice time for approval of the Agreement.

11. **Consenting Parties.** The Consenting Parties consent to the approval of this Agreement by the Court and to dismissal of the Adversary Proceeding as provided in paragraph 9 above.

IN WITNESS WHEREOF, the Trustee, the Settling Defendants and the Consenting Parties have executed this Agreement as of the date set forth below.

TRUSTEE:

**RICHARD L. COX,** Chapter 7 Trustee for the bankruptcy estate of JERRY P. WHITLEY

By: _____
Title: Trustee
Dated: December 7, 2016

SETTLING DEFENDANTS:

**JERRY P. WHITLEY**
By His Attorney
J. Brad Moore
FREDERICK S. WETZEL, III, P.A.
200 North State Street, Suite 200
Little Rock, AR 72201
501-663-0535
Email: jbmoore@fswetzellaw.com

By: _____
J. BRAD MOORE
Dated: December 5, 2016

_____
JERRY P. WHITLEY
Dated: December 5, 2016

_____
SHARON R. WHITLEY
Dated: December 5, 2016

5

**CONSENTING PARTIES:**

BENNY LAWRENCE WELCH and LINDA JOHNSON WELCH Co-Trustees of the Welch Family Trust DTD September 18, 1996
By Their Attorneys
Lax, Vaughan, Fortson, Rowe & Threet, PA
11300 Cantrell Road, Suite #201
Little Rock, AR 72212
501-376-6565
Fax : 501-376-6666
Email: bfields@laxvaughan.com

BY: _____
BRANCH T. FIELDS
Dated: December 1, 2016


TAMMY WHITLEY and JIMMY WHITLEY
And
JERRY K. WHITLEY and ELISE WHITLEY
By Their Attorneys
THE LANCASTER LAW FIRM, PLLC
P.O. Box 1295
Benton, AR 72018
501-776-2224
Fax : 501-778-6186
Email: clint@thelancasterlawfirm.com

By: _____
CLINTON W. LANCASTER
Dated: December 1, 2016

6